UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES WIRTH, et al.,<br><br>             Plaintiffs,<br><br>      v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>             Defendant. | CASE NO. C13-2154 MJP<br><br>ORDER ON REPORT AND RECOMMENDATION |

The Court, having received and reviewed:

1. Report and Recommendation (Dkt. No. 29)

2. Plaintiff's Response to Court's Findings (Dkt. No. 30)

3. Defendant's Response to Plaintiff's Objections to Report and Recommendations (Dkt. No. 31)

4. Administrative Record (Dkt. No. 25)

and all attached declarations and exhibits, makes the following ruling:

ORDER ON REPORT AND
RECOMMENDATION- 1

IT IS ORDERED that the matter is remanded to the Administrative Law Judge for further review and findings in light of this ruling.

IT IS FURTHER ORDERED that the case is STAYED pending reconsideration by the Administrative Law Judge; Plaintiffs are ordered to notify the Court within 10 days of any further decision issued by the Administrative Law Judge <u>or</u> file a report with the Court on the status of the case at the end of six (6) months, whichever occurs first.

**Background**

The following facts are drawn from the findings made by the Administrative Law Judge ("ALJ") as contained in the Administrative Record ("AR;" Dkt. No. 25):

The claimant is a child of Plaintiffs who began receiving supplemental security income ("SSI") benefits based on a disability in May 2005. On November 10, 2008, the Social Security Administration issued a notice that claimant had been overpaid Title XVI benefits. Ultimately, it was determined that the overpayment amounted to $20,244.76 (AR; Ex. 4), based on a finding that the income and assets of claimant's parents exceeded the maximum amount required for eligibility for SSI payments.

Plaintiffs contested the finding, arguing that they were not at fault for the overpayment. (AR; Ex. 31.) On April 19, 2010, following a personal conference with Plaintiffs, the Social Security field office denied their request for a waiver. (AR; Ex. 8.) The claimant requested a hearing, which was held on July 15, 2011. Following the hearing, the ALJ issued findings which held Plaintiffs to be at fault for the overpayment, declining to waive the overpayment amount and finding claimant liable. (AR at 17-18.)

**Discussion**

<u>Legal Standard</u>

The Social Security Administration ("SSA") is entitled to recover the overpayment to any claimant receiving more disability benefits than he or she is entitled to. 20 C.F.R. § 404.501. SSA has the discretion to partially or completely waive the repayment if (1) the claimant is found to be without fault for the overpayment[1] and (2) repayment would defeat the purposes of the Social Security Act or be contrary to equity and good conscience. 20 C.F.R. § 404.506. The burden is on the claimant to establish lack of fault. <u>Anderson v. Sullivan</u>, 914 F.2d 1121, 1122 (9th Cir. 1990).

In reviewing the decision, this Court

> … must affirm a refusal to waive repayment if the decision is supported by substantial evidence and the ALJ applied the proper legal standards. Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion' and is more than a 'mere scintilla' of the evidence but less than a preponderance.

<u>Id.</u> (citations omitted).

<u>The ALJ's Decision Is Not Entirely Supported by the Record</u>

It is this Court's finding that, in one critical area, the ALJ's findings are not supported by substantial evidence. Throughout the proceedings, Plaintiffs have maintained that at the outset of the qualification process they were advised by the SSA representative handling their daughter's case to:

---

[1] Fault is defined as: "(a) An incorrect statement made by the individual which he knew of should have known to be incorrect; or (b) Failure to furnish information which he knew or should have known to be material; or (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect." The SSA must consider "all pertinent circumstances" in assessing fault. 20 C.F.R. § 404.507.

> Ignore the paperwork that talks about qualifying, we're going to handle things a differently [*sic*];
> Don't send a check back if we were concerned about whether we might not have qualified, because it would create 'a mountain of paperwork.'

Pltfs Objections (Dkt. No. 30) at 2.

The ALJ discounted this allegation, finding that "there is no documentation supporting these allegations and it appears to derive from the proposed testimony of Mrs. Wirth (Exhibit 40)." (AR at 16.) Plaintiffs did, however, provide some circumstantial evidence to corroborate their claim in the form of an internal SSA email wherein it was noted

> FYI – I want to see who took her IC, they may be lying but some of what she says today sounds like a continuation of a previous problem we've known about.

AR, Ex. 41 at 164.

Plaintiffs argued that this was some evidence that SSA was aware of the misinformation situation which they had described. But the ALJ found that they email did not corroborate their claims: ""[T]he comments in the e-mail are vague as to the nature of the 'problem' and could also be interpreted as the difficulty the Administration had in obtaining information from the Wirths." (AR at 17.) While not unsympathetic to that analysis, the Court also notes that, if the SSA had indeed had an ongoing problem with a representative giving misinformation as alleged by Plaintiffs, the Administration might well have had a motive to keep its internal communications "vague" in the manner noted by the ALJ.

That is mere speculation, however. More substantively, this Court's review of the Administrative Record revealed additional information which in the Court's opinion further corroborates Plaintiffs' allegations regarding the SSA representative. Exhibit 20 in the AR contains "Worksheet Remarks" which appear to be case notes created by SSA caseworkers concerning contacts with claimants and other observations regarding a claimant's case. One

entry marked "1/10" records that "She [Mrs. Wirth]'s alleging being told incorrect information from CR that took claim."

Then, in an entry marked "2/12/10," the Court finds the following remarks:

> Reviewed unarchived initial claim and it was one of Lyn's[2] with similar characteristics of other claims/overpayments I've encountered where inc/res[3] development wasn't done/requested or explained properly. Just food for thought.

(AR, Ex. 20 at 71-72.)

In the Court's opinion, this is unambiguous evidence that the allegations made by Plaintiffs regarding the advice they were given by their SSA representative have some substance. It does not appear that this evidence was considered by the ALJ. In considering the issue of fault, the SSA regulations direct the fact-finder to consider "all pertinent circumstances" and this Court considers the possibility that Plaintiffs may have been instructed not to concern themselves with the qualification criteria or not to return checks which constituted overpayments to be a pertinent circumstance bearing directly on the issue of their fault.

Additionally, the "Worksheet Remarks" shed further light on the comment in the email contained in Exhibit 41 of the AR that "some of what [Mrs. Wirth] says today sounds like a continuation of a previous problem we've known about." (AR at 164.) Read in the context of the caseworker's remarks at Exhibit 20 that Plaintiffs' unarchived initial claim "was one of Lyn's with *similar characteristics of other claims/overpayments I've encountered where inc/res development wasn't done/requested or explained properly*" (emphasis supplied), Plaintiffs' position concerning what they were told by the SSA worker becomes more probable.

---

[2] The Wirths identified the SSA staff member who originally completed their claim (and allegedly gave them the misinformation) as "Lyn Fry." (Ex. 40; AR at 162.) In the upper right corner of a document marked "Leads/Protective Filing Worksheet" is a handwritten notation: "Lyn." (Ex. 51; AR at 409.) On Plaintiffs' "Application for Supplemental Security Income," there is a notation in the upper right corner of the first page that the "Unit" is "Lyn." (Ex. 52; AR at 410.)

[3] *Sic;* presumably "income/resource."

ORDER ON REPORT AND
RECOMMENDATION- 5

The Court finds that the refusal to waive repayment was not supported by substantial evidence; there is evidence bearing directly on Plaintiffs' lack of fault which was not considered. The ALJ is instructed to revisit the issue of Plaintiffs' fault in light of this evidence.

**Conclusion**

Concluding that there is not substantial evidence to support the finding that Plaintiffs were completely at fault in the overpayment of SSI funds to claimant, the Court REMANDS the matter to the ALJ with instruction to reconsider the issue of fault in light of all the evidence in the Administrative Record.

This matter is STAYED pending that reconsideration. Plaintiffs are ordered to (1) advise the Court within 10 days of receipt of any further decision from the ALJ or (2) file a report on the status of the matter in 6 months, whichever occurs first.

The clerk is ordered to provide copies of this order to Plaintiffs and all counsel.

Dated February 6, 2015.

Marsha J. Pechman
United States District Judge